IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

LILLIAN TALAVERA-VELAZQUEZ
LUIS CARLOS PEREZ-SANTIAGO and
the conjugal partnership between them

Plaintiffs

vs                                                                               CIVIL 06-1094CCC

STATE INSURANCE FUND
CORPORATION
NICOLAS LOPEZ-PEÑA
LUIS ALEXIS VILLAHERMOSA-
MARTINEZ
SALVADOR ROVIRA-RODRIGUEZ
MARGARITA VEGA-FELICIANO
ORLANDO ALDEBOL-BORRERO
VIMARY CABAN-MEDINA
AMERICAN INTERNATIONAL
INSURANCE COMPANY
A, B AND C
and INSURERS X, Y Z

Defendants

**O R D E R**

Before the Court is a Motion in Limine filed by defendant State Insurance Fund (SIF) on December 15, 2008 (docket entry 158), later supplemented by docket entry 161, which addresses six different items which exclusion is requested. This Order will dispose only of item number 1 relating to time-barred discrete acts and a discriminatory policy. The remaining items of docket entry 158 shall be ruled upon by separate Order.

Movant seeks that the Court revisit that part of the Opinion and Order issued by Judge Perez-Giménez in this case on June 28, 2007 (docket entry 33), at pages 5-12, on the statute of limitations defense regarding plaintiff's §1983 political discrimination action. Movant avers that "this decision should be revisited and overturned at this pre-trial stage." Motion, at p. 4. Plaintiff counters invoking the binding effect of a decision that is the law of the case.

The Court has carefully reviewed the allegations of the complaint and the decision of Judge Pérez-Giménez denying SIF's dismissal motion which raised that all alleged discrete acts of discrimination that took place before April 2004 are time-barred. Plaintiff has alleged

CIVIL 06-1094CCC                                             2

a denial of promotions to which she applied due to her political affiliation to the New Progressive Party (NPP) and a hostile work environment.  The undisputed allegation regarding her work history at the SIF, Aguadilla region, is that she commenced her career as a maintenance supervisor in 1997 and was promoted to Collections Supervisor I, a position that she still held at the time of filing of the complaint.[1]  Pages 5 through 7 contain instances of denials of job opportunities in the SIF by her superiors, defendants Orlando Aldebol-Borrero (Aldebol) and Margarita Vega-Feliciano (Vega), starting with the rejection of her September 4, 2002 application for the position of Insurance Policy Specialist II and ending with her January 28, 2004 request to Aldebol "that she be provided an opportunity to be appointed as "Facilitator" position provisionally."  (See Allegation 20.)  In allegations 8 through 20 she claims having been rejected, despite being qualified, for the following positions: (1) Insurance Policy Specialist II (February 3, 2003), (2) Administrative Official III (August 26, 2003), (3) Insurance Policy Specialist II (July 14, 2003), (4) Complaint and Compensation Specialist II (August 5, 2003), (5) Intervention Supervisor II (March 30, 2004) and (6) Facilitator (request unanswered).  Regarding all of these positions, her contention is that her political affiliation has been the main reason for constantly being rejected.  Regarding the Insurance Policy Specialist II position which she applied for on September 2, 2002, allegations 9, 10 and 13 clearly reflect her understanding that the reason was her political affiliation:

> 9. On [September 4, 2002] plaintiff learned through her supervisor codefendant Vega that Héctor Solá, Chief of the Insurance Division in the SIFC Aguadilla Region, as well as codefendant Aldebol, had made public that they would only recommend a candidate affiliated with the PDP party for said position.
>
> 10. . . . On September 12, 2002 codefendant Vega, after meeting with Enith Nieves, a candidate for the "Insurance Policy Specialist II" position (and a known affiliate of the PDP party) sought Plaintiff Talavera to tell her: "The only candidate that they want is Nieves, no one else."

---

[1] See factual allegation number 3 of the complaint.  Allegations 53 through 58 state that in July 2004 she sought treatment at the SIF through the Employee Assistance Program, followed by treatment with a private psychiatrist.

CIVIL 06-1094CCC                                        3

> 13. On . . . February 27, 2003 codefendant Vega informed Plaintiff Talavera she had met with codefendant Aldebol, and that he remarked: "Since when does a PDP advocate[s] for a NPP?" Codefendant Vega added that Plaintiff Talavera's "NPP friends were making Codefendant Aldebol's life difficult." Then she added: "We all have to suffer at one point discrimination, especially when you arrive at this job through political influences."

After alleging these discrete acts of discrimination arising from September 2002 through March 30, 2004, regarding the job applications mentioned above, plaintiff narrates in the complaint (allegations 22 through 42) acts of political harassment which created a hostile work environment. These, according to the allegations, commenced on March 2004 and continued through May, June and July 2004, when she left her employment to receive treatment at SIF because of an emotional condition. We note that the first March 2004 incident, related to a complaint filed against her by defendant Vimary Cabán-Medina (allegations 25, 26 & 27) was dismissed by Judge Pérez-Giménez. At pages 12 and 13 of his Opinion and Order he concluded that the Cabán complaint filed on March 2004 was a

> specific employment occurrence with the potential for concrete adverse consequences on Plaintiff's employment status . . . [I]t constitutes a discrete act that started a new clock for filing charges alleging that act . . . [T]his incident would have had to occur within the one-year period prior to the filing of Plaintiff Talavera's extrajudicial claim in April of 2005. However, it did not. Thus, we find this specific incident to be time-barred.

Therefore, the different actions underlying the hostile work environment claim alleged in the complaint begin with the April 2004 confrontation with Vega and Aldebol having to do with her carrying files/documents with her, through the month of July 2004 (allegation 39) where plaintiff alleges that Vega aggressively persecuted and harassed her in May, June and July 2004. Specific instances are provided at allegation 40 through 42 such as constant monitoring of her every move.

The allegations of actions of harassment are followed by additional allegations of denial of job opportunities due to her political affiliation, starting with eleven applications all submitted April 12, 2004 and ending on June 10, 2004. Ten of the eleven April 12, 2004 applications are for the same position, Service Coordinator, in different geographical regions. None of the discrete acts of discrimination due to rejections of positions from April 12, 2004

CIVIL 06-1094CCC                                        4

onward are time barred since it is undisputed that plaintiff filed an extrajudicial claim in April 2005. Therefore, the April 2004 discrete acts in support of the political discrimination were timely raised in the complaint filed on January 24, 2006. The motion in limine requests exclusion of all documents having to do with the job applications for the positions comprised in the period from September 2002 through March 30, 2004.

Before proceeding further, the Court observes that the in limine motion cannot be divorced from the Opinion and Order finding that the acts occurring before April 2004 are not time barred. After giving all due deference owed by the undersigned to that decision, our final reading is that the conclusion reached therein that "the discrete acts that took place outside the limitations period, consisting of several failures to promote Talavera" are timely and actionable contravenes National Railroad Passenger Corporation v. Morgan, 122 S.Ct. 2061 (2002). All of the First Circuit cases decided after Morgan highlight the distinction made by the Supreme Court between claims based on discrete discriminatory acts and hostile work environment claims. As stated in Morgan at page 2073, "[h]ostile environment claims are different in kind from discrete acts." The Court's discussion was made in the context of their timeliness. The Court first reached what it described as the easier question--that a discriminatory act occurs on a date certain–stating that "[a] discrete retaliatory or discriminatory act 'occurred' on the date that it 'happened.'" Id., at p. 2070. The Court also held that a discrete act such as a termination that falls within the limitations period cannot be used by a plaintiff "to pull in the time-barred discriminatory act." Id., at p. 2072. The principle derived from this is that "[e]ach discrete discriminatory act starts a new clock for filing charges alleging that act," id., and, if time-barred, the discrete act is not actionable. As restated by Judge Acosta in Rojas v. Principi, 326 F.Supp. 2d 267, 275 (D.P.R. 2004):

> As clearly established in Morgan, discrete acts of discriminatory conduct constitute independent claims subject to individual limitations periods and may not be used as grounds for extensions based on the continuing violations doctrine. The first three events at issue, i.e., failure to select plaintiff for announced positions on three separate dates, are akin to a failure to promote or hire and are thus, unequivocally separate distinct events each of which carry its own independent limitations period under the Morgan postulate.

CIVIL 06-1094CCC                                              5


      Additionally, only timely incidents are actionable as a separate wrong. In Morgan the Court referred to the easily identifiable discrete acts such as termination, failure to promote, denial of transfer or refusal to hire. Morgan, supra., at p. 2073. The principle was applied by the First Circuit in Ruiz-Sulsona v. University of Puerto Rico, 334 F.3d 157, 160 (1st Cir. 2003), where the Court, citing Morgan, concluded that plaintiff knew all along that he was being discriminated against for his political beliefs and when his teaching contract was not renewed in May 1997 he "had an obligation to file within the appropriate time period." The Court observed that "to decide otherwise would allow a plaintiff to extend the statute of limitations merely by applying for additional positions, even though the employer has clearly terminated his employment." Id.

      We reach the most recent cases on discrete acts of discrimination in the context of a continuing violation claim, starting with Morales-Tañón v. Puerto Rico Elec. Power Auth., 524 F.3d 15 (1st Cir. 2008), decided by the Court of Appeals on April 17, 2008. The Court struck down as time-barred plaintiff's §1983 claim filed in November 2006 based on a 2002 action that changed the composition of an auction committee to which plaintiff belonged citing Limestone Development Corp. V. Village of Lemont, Illinois, 520 F.3d 797 (7th Cir. 2008) (Posner, J.) on the misnamed doctrine known as the continuing violation doctrine and its purpose. Finding that "[a]ny injury to plaintiff from the 2002 actions was clear by 2003," Morales-Tañón, supra. at p. 19, it observed that the district court "correctly concluded that any after-effects did not fall within the so-called continuing violation doctrine." Id., at p. 18. Judge Posner's interpretation of the continuing violation doctrine was explained in the typical case of workplace sexual harassment, following the Morgan distinction between hostile environment claims and discrete acts. Morgan teaches that "[t]he repeated nature of the harassment or its intensity constitutes evidence that management knew or should have known of its existence" and, therefore, contrary to a discrete act of discrimination, it "cannot be said to occur on any particular day." Morgan, supra., at p. 2073. Morgan pointed out that "in direct contrast to discrete acts, a single act of harassment may not be actionable on its own." Id.

CIVIL 06-1094CCC                                          6

Limestone takes up on this distinction, finding plaintiff's arguments based on a continuing violation unavailing, by comparison, in a RICO claim stating that "[a] pattern of trying to force out Limestone without having to pay the fair market value of its property was well established years before the 2003 predicate acts. If Limestone wanted to include the old acts in its RICO suit, it had to sue by 2004." Limestone, supra., at p. 802. Citing Klehr v. A.O. Smith Corp., 521 U.S. 179, 190 (1997), it concluded that Limestone could not revive the time-barred predicate acts by resorting to the continuing violation doctrine since a "plaintiff cannot use an independent, new predicate act as a bootstrap to recover for injuries caused by other earlier predicate acts that took place outside the limitations period."

This brings us to the most recent First Circuit case decided on June 30, 2008, where the appellant argued that the statute of limitations should be evaluated under the continuing violations doctrine in a case involving a discrete act of discrimination, to wit, an alleged demotion. In Pérez-Sánchez v. Public Building Authority, 531 F.3d 104 (1st Cir. 2008), the Court held that a §1983 political discrimination claim was barred under the one-year statute of limitations stating: "Although the name of the doctrine may sound auspicious for late-filing plaintiffs, it does not allow a plaintiff to avoid filing suit so long as some person continues to violate his rights." Id., at p. 107 (emphasis in original). Concretely, it found that the demotion took place in 2001 and suit was not brought until 2005 and that additional grievances of later years were "either effects of that initial wrongful conduct, or isolated incidents that did not amount to separate and actionable violations under §1983." Id.

All of these cases have rejected the argument that a plaintiff's time-barred discrimination claim based on discrete acts, such as terminations, transfers and failures to promote are preserved under the continuing violation doctrine. The Court has strictly applied the Morgan holding that a discrete discriminatory act transpires only at the time it takes place, even if it was related to acts that were timely filed. Therefore, each separate actionable

CIVIL 06-1094CCC                                7

discrete act must be raised within the one-year applicable limitations period. Otherwise, the Court of Appeals has found such prior discrete discretionary acts to be untimely and no longer actionable.

Against this backdrop, we must determine whether the June 28, 2007 decision finding that the discrete acts that took place outside the limitations period are not time barred should be reexamined. Plaintiff is correct that under the law of the case doctrine issues once decided should not be reopened. There are exceptions, however, to that doctrine, recognized by the Court of Appeals in United States v. Rivera-Martínez, 931 F.2d 148, 151 (1st Cir. 1991), which held that when a decision is clearly erroneous or would work a manifest injustice the issue previously decided may be reopened. See also CPC International, Inc. v. Northbrook Excess & Surplus Insurance Company, 46 F.3d 1211, 1215 n. 4 (1st Cir. 1995). Although Morgan was already decided by the time that the June 28, 2007 decision in this case was issued, it was incorrectly interpreted and applied thereby allowing claims under discrete acts of discrimination that were clearly time barred under the Morgan rationale. The discrete acts of discrimination consisting of denials of job appointments that occurred on different dates before April 2004 when the statute of limitations ran could not be saved by reference to a factual allegation of the complaint regarding a so-called discriminatory policy against NPP advocates at the agency. Such a ruling is in contravention of the clear mandate of the Morgan decision since the old discrete acts that are time-barred are not revived by invoking this alleged continuing violation.

Additionally, the allegation referred to in the June 28, 2007 decision is clearly allegation 79 of the complaint which reads: "Codefendants Rovira, Villahermosa[2] and Aldebol have designed a scheme to bar any opportunity of people affiliated to the New Progressive Party and/or not belonging to the PDP party faction in power in the SIFC, from being recruited to the vacant positions in said corporation." This allegation is akin to allegation 74 that alleges

---

[2] Villahermosa is no longer a defendant since all claims against him were dismissed.

CIVIL 06-1094CCC                                    8

that Aldebol and two others actively, purposely and maliciously conspired to violate plaintiff's civil rights. Nowhere in the complaint are there any allegations that the agency had an institutional policy of discrimination. Allegation 79 includes a bare reference to a "scheme" among Aldebol and two others to bar NPP affiliates in the recruitment process. The allegation contains no time reference whatsoever when such scheme was devised nor how long it lasted. This allegation as to an isolated scheme entered into by three individuals has been treated, without any foundation, as a policy of the agency itself that was in place and continued until after April 2004. This is a tortured manner of pulling the stale time-barred discrete acts into the timely filing period to make them actionable in violation of <u>Morgan</u>.

For these reasons, the Court is compelled to reexamine the June 28, 2007 Order insofar as it held time-barred discrete acts occurring before April 2004 as timely. Finding that this decision is contrary to the controlling case law on the matter, the Court resolves that it is not bound by such decision in deciding the related motion in limine seeking exclusion of all documents pertaining to such time-barred discrete acts. The specific documents that will be excluded will be listed by separate Order. Accordingly, item 1 of the Motion in Limine is GRANTED. Plaintiff's documentary evidence relevant to this ruling is excluded as trial evidence. Additionally, plaintiff is foreclosed from raising these time-barred actions in her discussion of the evidence in her opening statements and closing arguments during the trial.

SO ORDERED.

At San Juan, Puerto Rico, on May 15, 2009.

                                        S/CARMEN CONSUELO CEREZO
                                        United States District Judge